UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VICTOR MEDINA,

       Petitioner,

                                      CASE NO. 13-10284
v.                              HONORABLE LAWRENCE P. ZATKOFF

UNITED STATES OF AMERICA,

       Respondent.
                                           /

## ORDER DENYING PETITIONER'S MOTION FOR A FRANKS HEARING

This matter is pending before the Court on Victor Medina's *pro se* motion for a Franks hearing. Although the Clerk of the Court treated Medina's motion as a habeas corpus petition, Medina seeks appointment of counsel and a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978).[1] He alleges that he received a criminal information charging him with conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(b)(1)(A)(ii) and 846. He claims

---

[1] In *Franks*, the Supreme Court held that,

> where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request. In the event that at that hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit.

*Id*. at 155-156.

that he has not been arraigned on the charge, and he appears to be invoking his right to discovery and a speedy trial.

Attached to Medina's motion is a copy of a criminal information charging Medina with conspiracy to distribute at least five kilograms of cocaine in the Eastern District of Michigan from approximately September 2009 to December 2009.  The document is unsigned and undated, and there is no case number or judge's name on the document.  Furthermore, the Court has found no record of any criminal cases currently pending against Medina in this District.  It appears that the information attached to Medina's motion is one that the Government anticipated filing, but never actually filed with the Court.

To date, there is no case in which to file a motion for a *Franks* hearing, and, because Medina concedes that he has not been arraigned on the charge listed on the unsigned information, the speedy trial clock has not yet begun to run.  *See United States v. Moran*, 998 F.2d 1368, 1369-70 (6th Cir. 1993) (explaining that the speedy trial clock does not begin to run until after the arraignment or indictment).  Medina's motion [dkt. #1] is premature and, accordingly, DENIED.

SO ORDERED.

    S/Lawrence P. Zatkoff
    LAWRENCE P. ZATKOFF
    UNITED STATES DISTRICT JUDGE

Dated: February 13, 2013